UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANYA RAINEY, et al.,

    Plaintiffs,

vs.

JEFF PATTON, et al.,

    Defendants.

Case No. 1:11cv327

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION[1]

This civil action is before the Court on Defendants' motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). Defendants' motion to dismiss has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, and in light of the filing of Plaintiffs' amended complaint, I now recommend that the Defendants' motion to dismiss be DENIED as MOOT.

**I.    Background and Procedural History**

Plaintiffs Shanya Rainey and Antwan Roland filed the original complaint in this matter on June 7, 2011, asserting claims for illegal seizure/false arrest, excessive force, and malicious prosecution, pursuant 42 U.S.C. § 1983, against Defendants Jeff Patton and Brandon Goff. (Doc. 4). Plaintiffs' complaint arises out of a traffic stop involving Defendants, both of whom are Police Officers for the City of Cheviot, Ohio. On July 15, 2011, Defendants filed the instant motion to dismiss Plaintiffs' complaint. (Doc. 10).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Defendants' motion asserts that Plaintiffs' complaint fails to state a claim for relief under 42 U.S.C. § 1983 because the complaint lacks sufficient factual allegations demonstrating how each Defendant violated Plaintiffs' constitutional rights. Defendants further argue that they are entitled to qualified immunity.

In response to Defendants' motion, Plaintiffs filed a motion for leave to amend the complaint, or in the alternative, motion for an extension of time to respond to Defendants' motion to dismiss. (Doc. 11). Plaintiffs' requested leave to amend their complaint in order to "abandon claims in the original Complaint which cannot be successfully maintained and to more clearly plead their case" in accordance with the pleading requirements set forth in *Twombly* and *Iqbal*.[2] *Id*. at 1. Having received no opposition from Defendants, the Court granted Plaintiffs' motion for leave to amend, and also Ordered Plaintiffs' to file their amended complaint on or before September 16, 2011. *See* Docket Notation Order of September 6, 2011. Thereafter, Plaintiffs filed their amended complaint on September 9, 2011. (Doc. 12). Defendants' answer was filed the same day. (Doc. 13).

In an effort to cure the alleged deficiencies in the original complaint, the amended complaint abandoned Plaintiff Rainey's claims for false arrest and malicious prosecution asserted against both Defendants, as well as Plaintiff Rainey's excessive force claim asserted against Defendant Goff. (Doc. 12). With respect to Plaintiff Roland, the amended complaint omits his original claims for excessive force against Defendant Goff and malicious prosecution against Defendant Patton. The amended complaint also contains newly asserted claims by Plaintiff Roland for excessive force against Defendant Patton and

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).

false arrest against Defendant Goff. In addition, the amended complaint includes additional factual and legal allegations in support of Plaintiffs' claims.

## II.  Analysis

"The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No., 1:08-cv-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001)). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007). Any subsequent motion filed by the opposing party should be directed at the amended pleading. *Id.*

In that regard, the filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint)); *Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"); *Hibbets v. Lexington Ins. Co.*, No. 07-5169, 2008 WL 373608, at *1 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint.").

Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless,* 2009 WL 3029661, at *4. For example, when a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss. *In Re: GI Holdings*, 122 F. App'x 554, 556 (3rd Cir. 2004). Notably, in both *Pethel* and *Yates*, the Court found the amended complaint to be substantially identical to the original complaint, where the amended complaint merely designated additional parties and did not attempt to cure the alleged defects in the original complaint. *See Pethel*, 2007 WL 2359765, at *2; *Yates*, 205 F.R.D. at 499.

In the instant case, however, the amended complaint is not "substantially identical" to the original complaint because it specifically addresses the issues raised in Defendants' motion to dismiss. As detailed above, the amended complaint abandons several claims in the original complaint, and also contains additional factual and legal allegations in support of Plaintiffs' claims. (Doc. 12). Moreover, Defendants did not oppose Plaintiffs' motion for leave to amend, nor have they provided any indication to the Court that their pending motion to dismiss the original complaint should be directed to the amended complaint. Since the amended complaint effectively moots Defendants' motion to dismiss because it directly addresses the issues raised therein, this Court should decline review of the underlying claims.

**III. Conclusion**

Based on the foregoing, the Court hereby **RECOMMENDS** that Defendants' motion to dismiss the original complaint (Doc. 10) be **DENIED as MOOT**.

                                      *s/Stephanie K. Bowman*
                                      Stephanie K. Bowman
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANYA RAINEY, et al.,

    Plaintiffs,

vs.

JEFF PATTON, et al.,

    Defendants.

Case No. 1:11cv327

Weber, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).